Lin v. Holder

BIA
Weisel, IJ
A099 927 386

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of July, two thousand ten.

PRESENT:
>JOSÉ A. CABRANES,
>ROBERT A. KATZMANN,
>REENA RAGGI,
>>*Circuit Judges.*

LIANG LI LIN,
>*Petitioner,*

v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>*Respondent.*

09-2475-ag
NAC

_____

FOR PETITIONER:          Oleh R. Tustaniwsky, New York, New
                         York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General, Civil Division; Samia
                         Naseem, Of Counsel; Blair T.
                         O'Connor, Office of Immigration
                         Litigation, United States Department
                         of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Liang Li Lin, a native and citizen of the People's Republic of China, seeks review of a May 20, 2009 order of the BIA affirming the July 24, 2007 decision of Immigration Judge ("IJ") Robert D. Weisel denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Liang Li Lin*, No. A099 927 386 (B.I.A. May 20, 2009), *aff'g* No. A099 927 386 (Immig. Ct. N.Y. City July 24, 2007). Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). In applying these standards, we assume the parties' familiarity with the underlying facts and procedural history in this case.

Lin submits that the BIA erred in affirming (1) the IJ's adverse credibility determination and (2) the IJ's alternate finding that, even if credible, Lin failed to

2

establish an objectively reasonable fear of persecution on account of his alleged participation in the China Democracy Party ("CDP"). We are not persuaded.

## 1. The Adverse Credibility Finding

Under the REAL ID Act, which applies to Lin's application for relief, "an IJ may rely on <u>any</u> inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (emphasis in original) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)); *see Matter of J-Y-C-*, 24 I. & N. Dec. 260, 265 (BIA 2007) (holding that "the REAL ID Act no longer requires the trier of fact to find a nexus between inconsistencies and the 'heart of the claim'"). Here, the IJ reasonably found that the discrepancy between Lin's testimony and that of his witness, Jowi, regarding when they last saw each other warranted an adverse credibility finding. As the BIA noted, Lin's claim was based solely upon his activities with the CDP in the United States, and the inconsistency related "directly to the veracity of the claim for relief and the circumstances surrounding the basis for [Lin's] application." BIA Op. at 1.

2.  <u>The Failure to Establish an Objectively Reasonable
    Fear of Persecution</u>

We also detect no error in the agency's alternative determination that Lin failed to establish an objectively reasonable fear of persecution, even assuming his credibility.[1]  Lin testified that a photograph was taken of him protesting outside the Chinese consulate but concedes that he was not wearing a name tag or other identification when the photograph was taken.  He also submitted two articles from the CDP website in which his name appears.  However, the affidavits Lin submitted from family members in China do not indicate that the Chinese government is aware of these articles or of Lin's alleged CDP activities.  On this record, the agency's conclusion that Lin failed to establish an objectively reasonable fear of persecution was reasonable.  *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir. 2005) (holding that absent solid record support, claimed fear of persecution was "speculative at best"); *see also Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir.

---

[1] We decline to consider Lin's unexhausted argument that there is a pattern and practice of persecution of CDP members in China.  See 8 U.S.C. § 1252(d)(1); Lin Zhong v. U.S. Dep't of Justice, 480 F.3d 104, 124 (2d Cir. 2007).

4

2008) (holding that to establish well-founded fear of persecution absent evidence of past persecution alien must show that authorities are aware or likely to become aware of alien's activities).

### 3. Withholding and CAT Relief

Because Lin was unable to establish the objective likelihood of persecution required to meet his burden of proof on his asylum claim, his withholding of removal and CAT claims necessarily fail, as they were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

### 4. Conclusion

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5